IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEWAYNE ANDERSON,

              Plaintiff,

vs.                              Case No. 19-3257-SAC

JEFF EASTER, et al.,

              Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging, among many other allegations, that he was assaulted by certain persons in violation of his constitutional rights. He brings this case pursuant to 42 U.S.C. § 1983. Plaintiff's complaint states that he is incarcerated in the Sedgwick County Jail. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not

1

relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

2

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's original complaint

Plaintiff's original complaint alleges in "Count One" that on November 7, 2019 at approximately 4:10 a.m. he was assaulted or "jumped on" by certain jail officers after plaintiff attempted to protest an issue. Plaintiff names Deputy Eck, Deputy Cummings, Sgt. Torres, and Captain Scott as being involved in some fashion, but does not describe with specificity what each officer did to injure plaintiff. In "Count Two" he alleges that he was subdued by several deputies using their fists and knees and that Sgt. Torres used a tazer. In "Count Three" plaintiff alleges that his "HIPAA" rights were violated by somebody who called a television station with an account of what happened at the jail and that a

3

Dr. Yang lied about the medical treatment plaintiff received at a hospital.

   A. Count One and Count Two

   Plaintiff alleges excessive force in Count One and Count Two. The court assumes that plaintiff was serving a sentence on November 7, 2019 when he claims he was assaulted or "jumped on." Therefore, the Eighth Amendment's provisions against cruel and unusual punishment apply to his claims. The main question for an Eighth Amendment excessive force claim is whether the force "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Serna v. Colo. Dep't of Corrs., 455 F.3d 1146, 1152 (10th Cir. 2006)(internal quotation marks omitted). There are two elements that a plaintiff must show to prevail:  1) that the alleged wrongdoing, done knowingly or recklessly, was objectively unreasonable and harmful enough to establish a constitutional violation, and 2) that the officials acted with a sufficiently culpable state of mind, that is deliberate indifference.[1]  Id.

   Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9

---

[1] If plaintiff was a pretrial detainee, he would have to establish the first element only. Kingsley v. Hendrickson, 576 U.S. 389, 135 S.Ct. 2466, 2472-73 (2015).  The court may consider:  1) the relationship between the amount of force used and the need presented; 2) the extent of injury; and 3) the motives of the defendant. Estate of Booker v. Gomez, 745 F.3d 405, 426 (10th Cir. 2014). Whether plaintiff was a pretrial detainee or serving a sentence does not alter the court's rulings in this order.

4

(1992). A bald allegation that plaintiff was assaulted, jumped on or tazed fails, without more, to state an Eighth Amendment claim. See Barr v. Gee, 437 Fed.Appx. 865, 878 (11th Cir. 2011)(allegations of "beating" or "excessive" force considered too vague); Perkins v. New York City, 2019 WL 4736950 *8 (E.D.N.Y. 9/27/2019)("assault" is a conclusory allegation); Justice v. Kansas, 2017 WL 4222986 *3 (D.Kan. 9/22/2017)(claims of "assault" too vague); Santiago v. City of New York, 2016 WL 11447843 *3 (E.D.N.Y. 9/6/2016) report and recommendation adopted at 2016 WL 5395837 (E.D.N.Y. 9/27/2016) aff'd, 697 Fed.Appx. 36 (2nd Cir. 2017)(assault allegation too vague); Robbins v. County of Boulder, 2014 WL 3929143 *3 (D.Colo. 8/12/2014)(dismissing excessive force claim resting on conclusory allegations); Cole v. Massey, 2014 WL 805526 *2 (E.D.Mo. 2/28/2014)(assault is a conclusory allegation); Hayden v. Broward County, 2013 WL 4786486 *6 (S.D.Fla. 9/6/2013)(dismissing claim of "excessive" force and beating).

   Plaintiff's allegations in Count One and Count Two are too vague and conclusory to state a claim for unconstitutional excessive force. Plaintiff also fails to describe the specific actions committed by each defendant to violate his constitutional rights.

   B. Count Three

   In Count Three, plaintiff alleges that his HIPAA rights "got violated." He does not identify which defendants caused this to

happen.  This allegation is too vague and conclusory to state a claim.  Moreover, this court has held that there is no private right of action for a person to recover damages for a HIPAA violation and that § 1983 may not be used to remedy a HIPAA violation.  <u>Ward v. Kearny County Hospital</u>, 2019 WL 2073938 *2 (D.Kan. 5/10/2019).  In other words, a governmental agency must enforce penalties for HIPAA violations.  <u>Adams v. CCA</u>, 2011 WL 2909877 *5 (D. Idaho 7/18/2011); <u>Agee v. U.S.</u>, 72 Fed.Cl. 284, 289-90 (Fed. Ct. Cl. 2006).

Count Three also alleges that "Dr. Yang" lied about health care given to plaintiff.  A claim under § 1983 can only be made against persons acting under the authority of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Plaintiff does not allege that Dr. Yang acted as a state officer or agent.  Nor does he allege that his constitutional rights or federal rights were violated or that plaintiff suffered any other kind of injury because of the alleged lie.

For the above-stated reasons, plaintiff fails to state a plausible claim in Count Three.

III. <u>Plaintiff's amended complaints</u>

Plaintiff filed a three-page "amended complaint" on January 21, 2020. Doc. No. 5.  This pleading seeks to add a large number of defendants who were alleged to have been involved in different assaults or other actions which caused injury to plaintiff.  On

February 27, 2020, plaintiff filed another "amended complaint" which was two pages long. Doc. No. 7. This pleading also asks to add new defendants and to make allegations regarding different events during plaintiff's incarceration from November 2019 through February 2020.

Under Federal Rule of Civil Procedure 18(a), "[a] party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 18(a) permits a plaintiff to bring multiple claims against a defendant. If, however, joining a claim requires joining additional parties, the claim must comply with Fed. R. Civ. P. 20. Federal Rule of Civil Procedure 20(a)(2) states that defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Thus, as this court has stated: "While joinder is encouraged for purposes of judicial economy, the 'Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.'" Golston v. Correct Care Solutions, 2012 WL 2119983 *3 (D.Kan. 6/11/2012)(quoting Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)). Accordingly,

"'[u]nrelated claims against different defendants belong in different suits, not only to prevent [a confusing morass of claims] but also to ensure that prisoners pay the required filing fees.'" Id. at *8 (quoting George v. Smith, 507 F.3d 605, 507 (7th Cir. 2007) and citing Smith v. Kirby, 53 Fed. Appx. 14, 16 (10th Cir. Dec. 9, 2002)(finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court....")). See also, McLemore v. Saline County Sheriff's Office, 2016 WL 3522048 *3-5 (D.Kan. 6/28/2016)(denying joinder of claims not related to original complaint brought by a county jail inmate); Harvey v. Rohling, 2011 WL 4585256 *7 (D.Kan. 9/12/2011)(denying joinder of disciplinary claims to other claims arising from prisoner's confinement).

The two amended complaints seek to improperly add numerous unrelated claims against different defendants to the claims alleged in the original complaint.[2] The amended complaints also contain very little detail and do not supply enough facts to state a plausible claim for a violation of federal or state law. For these reasons, the amended complaints shall be dismissed.

---

[2] The court further notes that an amended complaint should contain all of the claims plaintiff wishes to bring in a lawsuit because an amended complaint ordinarily supersedes the original complaint. Davis v. TXO Production Corp., 929 F.2d 1515, 1517 (10th Cir. 1991). Plaintiff's amended complaints simply assert new claims and identify new defendants without repeating any claims from the original complaint.

8

IV. Conclusion

In conclusion, for the above-state reasons, the court shall dismiss plaintiff's claims without prejudice.  Plaintiff has been warned previously regarding the requirements for stating a claim for relief.  See, e.g., Anderson v. Wilcox, Case No. 19-1263-EFM-KGG, Doc. No. 5 (D.Kan. 9-30-2019).  Under these circumstances, the court shall not grant plaintiff an opportunity to amend.

**IT IS SO ORDERED.**

Dated this 8th day of May, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge